NIKKI RAMIREZ-SMITH
IDAHO STATE BAR NO. 9030
NSMITH@NRSDT.COM
RAMIREZ-SMITH LAW
444 W. IOWA AVE.
NAMPA, ID 83686
TEL. (208) 461-1883
FAX. (208) 461-1680

Attorney for Vergie Villacampo Jones, Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Vergie Villacampo Jones,<br><br>    Plaintiff<br><br>v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; Ken Cuccinelli, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Daniel M. Renaud, Associate Director of the Field Operations Directorate; Micah R. Brown, Director of the Boise Field Office of U.S. Citizenship and Immigration Services,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Through her undersigned attorney, Plaintiff, Vergie Villacampo Jones ("Ms. Villacampo Jones"), hereby alleges the following:

1

## INTRODUCTION

1.  Ms. Villacampo Jones is a native and citizen of the Philippines and the beneficiary of an approved and current Petition for Alien Relative (form I-130), filed by her U.S. citizen spouse, Joshua Jones ("Mr. Jones"). Ms. Villacampo Jones lawfully entered the United States on July 3, 2018, as a category K-1 nonimmigrant, as Mr. Jones fiancée. Due to administrative issues relating to the termination of her prior marriage, Ms. Villacampo Jones and Mr. Jones were unable to marry until June 16, 2019, more than ninety days after her entry to the United States. On July 29, 2019, Ms. Villacampo Jones submitted an Application to Register Permanent Resident or Adjust Status (form I-485) to U.S. Citizenship and Immigration Services ("USCIS"). Despite her procedurally regular admission to the United States as a K-1 nonimmigrant, and the immediate availability of an immigrant visa pursuant to the approved I-130, USCIS arbitrarily and capriciously denied her I-485, in violation of statute, precedent, and, the opinion of their internal general counsel, on account of her marriage to the petitioner having occurred more than ninety days after her admission as a K-1 nonimmigrant. Because the agency's decision is in conflict with the statute, and is arbitrary and capricious, Ms. Villacampo Jones requests this this Court declare that Defendants' actions are in violation of the Administrative Procedures Act, and, review the denial of the I-485 and order the Defendants to adjudicate it in accordance with the law.

## JURISDICTION

2.  Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States. This action is brought under the Administrative Procedures Act, 5 U.S.C. §§ 702 *et seq.*,

and seeks declaratory and injunctive relief, and therefore sovereign immunity is statutorily waived. 5 U.S.C. § 702.

## VENUE

3. Venue is properly in this district pursuant to 28 U.S.C. § 1391(E), because defendants are officers or employees of the United States government, a substantial part of the events giving rise this claim occurred in this district, Plaintiff resides in this district, and no real property is involved in this action.

## STANDING

4. Ms. Villacampo Jones has standing to bring this action. Defendants denied her application for Adjustment of Status in violation of law, and this Court has jurisdiction to redress that injury, by reviewing that denial and ordering the Department of Homeland Security ("DHS") to adjudicate her application in accordance with the law. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.* 454 U.S. 464, 472 (1982).

## PARTIES

5. Plaintiff Vergie Villacampo Jones currently resides at 2091 Blue Spruce Lane, in Boise, Idaho, 83716. She is a 51-year-old native and citizen of the Philippines, and the beneficiary of an approved and current alien relative petition, filed on her behalf by her U.S. citizen husband, Joshua Jones. On July 29, 2019, she filed an application for Adjustment of Status with the USCIS lockbox in Chicago, Illinois. Her application was subsequently transferred to the Boise Field Office, where she was interviewed in connection with her application on March 18, 2020. On May 8, 2020, USCIS denied her application for Adjustment of Status. On June 1, 2020, she filed a motion to reconsider with USCIS. On August 7, 2020, USCIS issued a decision denying her motion to reconsider.

6. Defendant Chad F. Wolf is the Acting Secretary of the Department of Homeland Security ("DHS"). He is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and, as such, is ultimately responsible for the adjudication of applications for Adjustment of Status filed under 8 U.S.C. § 1255(a). Defendant Wolf is sued herein in his official capacity.

7. Defendant Ken Cuccinelli is the Senior Official Performing the Duties of the Director of USCIS, and in that capacity serves as the highest ranking official of that agency. He is responsible for the adjudication of all applications for benefits filed with USCIS and, as such, is responsible for the adjudication of applications for Adjustment of Status filed under U.S.C. § 1255(a). Defendant Cuccinelli is sued herein in his official capacity.

8. Defendant Daniel M. Renaud is the Associate Director of the USCIS Field Operations Directorate, and in that capacity, is ultimately responsible for reviewing and adjudicating all applications for Adjustment of Status adjudicated by USCIS field offices. Defendant Renaud is sued herein in his official capacity.

9. Micah R. Brown is the Director of the Boise USCIS Field Office, and in that capacity has been delegated authority to adjudicate certain applications for Adjustment of Status arising in the district. Defendant Brown is sued herein in his official capacity.

## FACTS

10. Ms. Villacampo Jones was born on July 6, 1979 in Uson, Philippines. She married her first spouse, Mr. Dandy Cabaluna Valenzuela on February 14, 2008 in Muntilupa City, Manila, Philippines. The relationship quickly became abusive and Ms. Villacampo Jones separated from her husband in 2009. Because the Philippines is a Catholic country, divorce is prohibited. For

this reason, Ms. Villacampo Jones remained legally married to her first spouse even though the two were separated.

11. In 2010, Ms. Villacampo Jones and Mr. Jones met on a dating website called ChristianFilipina.com. In February 2011, Mr. Jones traveled to the Philippines to meet Ms. Villacampo Jones in person. He traveled to the Philippines again in December 2011, when he proposed to Ms. Villacampo Jones.

12. In 2014, Mr. Jones traveled to the Philippines again to visit his fiancé, Ms. Villacampo Jones. After this trip, the couple decided to take the next steps toward applying for a fiancé visa for Ms. Villacampo Jones. First, she would need to terminate her prior marriage to Mr. Cabaluna Valenzuela.

13. In 2015, Mr. Jones hired an attorney in the Philippines who had been recommended to the couple by a friend of Ms. Villacampo Jones. The attorney was hired to secure an annulment for Ms. Villacampo Jones. However, later that year, the attorney advised Ms. Villacampo Jones that her divorce was prepared and ready for her to sign and finalize. The attorney advised that instead of attempting an annulment of the marriage, he would terminate her marriage through an *Islamic* divorce, which is not forbidden by Filipino law. Ms. Villacampo Jones and Mr. Jones had some misgivings about obtaining an Islamic divorce, but the attorney assured them, this is simply how it should be done. After the divorce was finalized, Ms. Villacampo Jones received an official certificate from the Philippine Statistic Authority confirming that her marriage was legally terminated.

14. Mr. Jones then filed an I-129F, Petition for Alien Fiancée in 2017. Ms. Villacampo Jones' divorce decree was filed with this application. This application was adjudicated and approved by United States Citizenship and Immigration Services in 2018.

15. Ms. Villacampo Jones attended her fiancé visa interview in Manila, Philippines where again she submitted proof of her divorce. The Department of State Consular officer evaluated the legality of Ms. Villacampo Jones' divorce and approved her K-1 fiancé visa.

16. Ms. Villacampo Jones entered the United States lawfully on July 3, 2018, having been inspected and admitted as a K-1 fiancé. She and Mr. Jones married within 90 days, on July 16, 2018. Ms. Villacampo Jones then filed to adjust her status to lawful permanent residence on the basis of her K-1 status on September 4, 2018 with United States Citizenship and Immigration Services.

17. At her Adjustment of Status interview at the Boise Field Office, the USCIS officer told Ms. Villacampo Jones that her divorce was unacceptable because it had been obtained through the Islamic faith, a faith that was inconsistent with the faith under which the marriage took place. Thus, Ms. Villacampo Jones was informed that her divorce was not valid after all and that therefore her marriage to Mr. Jones was also not legally valid. Ms. Villacampo Jones' application for Adjustment of Status was denied for this reason on January 9, 2019.

18. Ms. Villacampo Jones and Mr. Jones hired an immigration attorney, Talia Burnett (California Bar 286318). This attorney researched Ms. Villacampo Jones' predicament and advised on how best to resolve the problem. Per Counsel's advice, Ms. Villacampo Jones and Mr. Jones divorced. Ms. Villacampo Jones then divorced her first spouse, Dandy Cabaluna Valenzuela. That divorce, which occurred in the United States, was finalized on April 1, 2019. Ms. Villacampo Jones and Mr. Jones, now both undeniably free to marry, remarried on June 16, 2019.

19. Having found published guidance by General Counsel for the Immigration and Naturalization Service (the precursor agency to USCIS) on exactly what to do in the event that a

K-1 fiancé does not marry her fiancé petition within 90 days, counsel for the Plaintiff then filed an I-130, Petition for Alien Relative concurrently with a new I-485, Application to Register Permanent Residence or Adjust Status. Ms. Villacampo Jones was no longer seeking adjustment as a K-1 fiancé. She was now seeking to adjust her status as the spouse of a United States citizen who had entered the United States after having been inspected and admitted by U.S. Customs and Border Patrol.

20. USCIS approved Mr. Jones' I-130 Petition for Alien Relative on April 17, 2020. However, the Service denied Ms. Villacampo Jones' I-485 Application to Adjust Status on May 8, 2020. The Service specifically cited INA 245(d), stating that because Ms. Villacampo Jones had not married within 90 days of her arrival as a K-1 fiancé, she was ineligible to adjust status. This decision was erroneous and contrary to judicial precedent and agency interpretation of statutory law.

21. On June 1, 2020, Ms. Villacampo Jones, through Counsel, filed an I-290B Motion to Reconsider the Service's denial. The Motion to Reconsider was denied by the Service on August 7, 2020. The Plaintiff now files this Complaint.

## **ARGUMENT**

22. There is no statutory provision prohibiting a K-1 beneficiary from adjusting status to that of a permanent resident on the basis of a new alien relative petition (I-130) filed by the same U.S. citizen petitioner after a marriage is concluded in more than 90 days.

23. A U.S. citizen may petition for his or her alien fiancée to be admitted into the United States for purpose of concluding a valid marriage. 8 U.S.C. § 1101(a)(15)(K)(i). The marriage between the petitioner and the K1 beneficiary must be concluded within 90 days. *Id.* After the

marriage between the petitioner and the beneficiary is concluded, the beneficiary may acquire conditional permanent resident status. 8 U.S.C. § 1101(a)(15)(K)(ii); 8 CFR § 214.2(k)(6)(ii).

23. Section 245(d) of the Immigration and Nationality Act prohibits the Attorney General from adjusting the status of a K-1 nonimmigrant except pursuant to their marriage to the fiancé petitioner of the K-1. 8 U.S.C. § 1255(d). However, the implementing regulations go further than proscribed by the INA, to the extent that they make express reference to the 90-day limit to marry and provide specifically that a K-1 nonimmigrant may *only* adjust based upon their marriage to the petitioner "which was contracted within 90 days of entry with the United States citizen." 8 C.F.R. § 245(c)(6).

24. This regulation, however, only applies to Adjustment of Status under INA § 101(a)(15)(K)(ii), pursuant to the implementing regulations at 8 CFR § 214.2(k)(5), which provide that a K-1 nonimmigrant may apply for Adjustment of Status upon their marriage to the petitioning fiancée within 90 days of their admission to the United States.

25. A K-1 nonimmigrant whose marriage to their U.S. citizen petitioning fiancée occurs more than ninety days after admission may nevertheless seek Adjustment of Status on the basis of a new alien relative petition, filed on their behalf by the original K-1 petitioner, now as their immediate relative spouse, pursuant to section 201(b)(1)(A) of the INA. 8 U.S.C. § 1151(b)(1)(A). The K-1 nonimmigrant beneficiary falls out of lawful status if they fail to marry the K-1 petitioner within ninety days of entry. 8 U.S.C. § 1184(d)(1). However, Congress has legislated that the beneficiaries of immediate relative petitions are not barred from Adjustment of Status under section 245(a) of the INA for falling out of status. 8 U.S.C. § 1255(c)(2).

26. Ms. Villacampo Jones was lawfully admitted to the United States as a K-1 nonimmigrant. Even though she was (unwittingly) not yet lawfully divorced at the time of her admission as a K-

1 nonimmigrant, her admission was still procedurally regular, which qualifies her as having been "inspected and admitted" for the purposes of Adjustment of Status under INA § 245(a). *See Jung v. Sessions,* 697 F. App'x 521, 521 (9th Cir. 2017) *citing Matter of Quilantan,* 25 I & N Dec. 285, 286, 293 (BIA 2010). Ms. Villacampo Jones is also the immediate relative of Mr. Jones, and the beneficiary of an approved alien relative petition (I-130). As such, she is eligible for Adjustment of Status under section 245 of the INA.

27.    The General Counsel of the Immigration and Naturalization Service (the predecessor agency to USCIS) issued an advisory opinion answering the following question: "[i]f the marriage between an alien fiancé or fiancée and a citizen petitioner does not occur until more than 90 days have elapsed since the alien's admission, is there any basis upon which the alien may obtain permanent residence through Adjustment of Status?" *Genco Op. No. 91-56* (INS), 1991 WL1185167. The INS General Counsel holds the view that Adjustment of Status pursuant to an immediate relative petition made by the same petitioner for K-1 nonimmigrant status is not prohibited. "The alien may not adjust, on the basis of his or her admission under Section 101(a)(15)(K), if the alien marries the citizen petitioner more than 90 days after entry. **The citizen may, however, file an alien relative visa petition (Form 1-130) after the untimely marriage. Once the petition is approved, the alien may then apply for Adjustment of Status.**" *Genco Op. No. 91-56* (INS), 1991 WL1185167 (Legal Opinion Fiancés or fiancées who marry later than 90 days after entry) (emphasis added).

28.    The denial by USCIS had no basis in regulation or statute, and the issue had been disposed of by General Counsel for INS years ago. As such, the denial of Ms. Villacampo Jones's application for Adjustment of Status was arbitrary and capricious.

## RELIEF REQUESTED

Wherefore, Plaintiff prays that this Court:

(1) Accept jurisdiction over this action;

(2) Declare that Defendants' actions challenged herein violated the Immigration and Nationality Act, the Code of Federal Regulations, and the Administrative Procedures Act;

(3) Review the denial of Plaintiff's application for Adjustment of Status and order Defendants to adjudicate her application for Adjustment of Status in accordance with the law; and,

(4) Grant such other and further relief as this Court deems just and proper.

Dated: 10/16/20     Respectfully submitted,

_____
Nikki Ramirez-Smith
Attorney for Plaintiff
*Ramirez-Smith Law*
444 W. Iowa Avenue
Nampa, ID 83686